SAMUEL, Judge.
This is an action in contract for the sum of $331.07, the balance due for certain-materials sold by plaintiff. After a trial on-the merits the district court rendered judgment in favor of plaintiff for the full amount prayed, subject to a salvage value credit of $3.00 for each door included in the materials involved in this suit. Defendant *59 has appealed. Plaintiff has answered the appeal praying for judgment in the entire sum of $331.07 and for damages for frivolous appeal.
Plaintiff,, a manufacturer of millwork, woodcrafts and allied materials, contracted with the defendant to furnish certain mill-work, in accordance with defendant’s specifications, to be used in a residence the construction of which defendant, a contractor, was supervising. In due time the millwork was processed and the materials were retained by plaintiff in its warehouse pending delivery instructions from the defendant, a usual practice in the trade.
Delivery of some of the materials was -made, accepted and paid for. But the defendant was dissatisfied with a delivery which was late despite plaintiff’s assurances that it would be made at a particular time in the morning, resulting in a loss in wages which defendant had to pay because he had two carpenters and a helper waiting for the ■particular materials, aluminum windows, and unable to work until they arrived. Considerable trouble later was experienced in fitting those windows. Defendant was also disturbed by the fact that plaintiff delivered a sliding door during a lunch period and the glass was later found to be broken out of the frame. Each litigant claimed the broken glass was due to the fault of the other; later they agreed each would pay one-half of the cost of repairing the door.
As a result of his dissatisfaction defendant cancelled the balance of the order. The materials constituting that balance, payment for which is sought by this suit, remain in plaintiff’s warehouse ready for delivery to the defendant. No contention is made that ■the items were not properly processed in accordance with defendant’s specifications or that plaintiff had violated the terms of the contract in any way.
Defendant contends that he cancelled the -undelivered portion of his order prior to the time the items contained therein had been made up and that there is involved only standard, regularly stocked items, readily disposable in the general trade and in connection with which plaintiff did not suffer a loss.
Only three witnesses testified at the trial: the president and a salesman of the plaintiff corporation, and the defendant himself. The trial court found as a fact, and we agree, that defendant’s cancellation of the undelivered portion of his order, and his refusal to accept delivery of the same, occurred after completion of the processing and manufacturing of the millwork items involved. We also agree that plaintiff is entitled to a judgment.
We are unable to agree with that portion of the judgment which allows a salvage value credit for each door. Although these doors, or more properly inside door frames, were stock or standard size, the trim was unusual and rarely called for, the lock used was no longer carried in stock by the plaintiff, and the hinges were aluminum, a type for which plaintiff seldom had a sale. Plaintiff had very few, if any, calls for the particular type of trim involved here and had never had a call for that trim since defendant’s order. It was highly unlikely that it would ever be able to dispose of the frames as made up in accordance with defendant’s instructions and specifications. The frames could be reworked to the end that they might have a salvage value of $2.63 each. But salvage would depend on whether or not plaintiff would be able to dispose of the reworked frames and the record does not establish that such would be the case. It is possible that plaintiff would sustain the loss of the frames plus the cost of reworking. Under these circumstances, and particularly under LSA-C.C. Art. 2555, taking into consideration the fact that the frames are still available for delivery, we are of the opinion that the defendant is not entitled to any credit therefor.
There is involved a question of fact sufficient to prevent the imposition of damages for frivolous appeal.
*60 For the reasons assigned, the judgment appealed from is amended only insofar as to eliminate therefrom the salvage value credit allowed and to award to plaintiff the full amount of $331.07. As thus amended, and in all other respects, the judgment is affirmed; defendant-appellant to pay costs of this appeal.
Amended and affirmed.